UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY DESEAN ADAMS,

    Plaintiff,

v.

DETECTIVE KEN GRECO, et al.,

    Defendants.

Case No. 18-cv-01557-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

## I. INTRODUCTION

On March 12, 2018, Plaintiff, who is currently housed at the Martinez Detention Facility and proceeding *pro se*, filed the above-titled civil rights action under 42 U.S.C. § 1983. Plaintiff will be granted leave to proceed *in forma pauperis* in a separate Order.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff alleges that Defendants Detectives Ken Greco and Nichole Abetvko of the Richmond Police Department violated his constitutional rights by illegally arresting him for "a number of sexual charges and false imprisonment charges," ignoring exculpatory evidence, and fabricating false evidence by "plant[ing] physical evidence" in connection with his prosecution on criminal charges in state court. Dkt. 1 at 3. He seeks money damages and requests that "these illegal activities be brought befor[e] the U.S. Attorney for possible federal charges." *Id.*

Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has held that to recover damages in a suit under Section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. *Id.*

If Plaintiff's claims that Defendants violated his constitutional rights by illegally arresting him, ignoring exculpatory evidence, and fabricating false evidence are proven true, this would imply the invalidity of any subsequent conviction. It is clear that no conviction has been invalidated. In fact, Plaintiff has not yet been convicted of any charges. Until he is convicted and that conviction is invalidated, the claims are barred by *Heck*. *See Guerrero v. Gates*, 442 F.3d

2

697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him).

Furthermore, if Plaintiff is later convicted and seeks relief in the form of release from custody and a reversal of any guilty finding, then it would not be proper to raise such claims in a civil rights action. Traditionally, challenges to prison conditions have been cognizable only via Section 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004). A petition for writ of habeas corpus is the exclusive method by which a person may challenge in this court the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Before he may file a federal petition, however, Plaintiff must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b)(1)(A),(c); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

### III. CONCLUSION

For the foregoing reasons, this action is DISMISSED. This dismissal is without prejudice to Plaintiff filing a new action after he is convicted and only if his criminal conviction is set aside. The Clerk of the Court shall close the file.

IT IS SO ORDERED.

Dated: April 27, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge